UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MARDALE SPECIALTY FOODS LLC
and DLST, INC.,

                Plaintiff,                              Case No. 06-10014

v.                                                  Hon. Bernard A. Friedman

RONALD M. TARANTINO,

                Defendant.

_____/

**OPINION AND ORDER GRANTING DEFENDANT'S MOTION TO DISMISS**

**I.      Introduction and Procedural Background**

Defendant, Ronald M. Tarantino ("Tarantino"), has filed a motion to dismiss, or in the alternative, a motion for a stay of proceedings pending determination of a parallel state court action filed in Massachusetts. Tarantino further argues that Plaintiff DSLT, Inc. ("DSLT") lacks standing; that Plaintiffs Mardale Specialty Foods, LLC ("Mardale") and DSLT have failed to state a claim upon which relief can be granted; and that DSLT's claims are barred by the compulsory counterclaim rule and the statute of limitations.

Tarantino recovered a money judgment against Plaintiff DSLT in Massachusetts State Superior Court. The judgment was based on a claim by Tarantino that DSLT had breached an indemnity agreement. The judgment was affirmed on appeal on September 27, 2005 and executions on the judgment issued on November 16, 2005. On October 31, 2005, Frederick S. Moore, President of DSLT, informed Tarantino that DSLT had two claims against him which more than offset the $1.2 million dollar judgment recovered by Tarantino against DSLT. Tarantino then commenced an action for declaratory relief in Massachusetts Superior Court on

November 9, 2005, seeking an adjudication that DSLT's claims against him are without merit.

Tarantino did not, however, attempt service on DSLT until counsel for DSLT called Tarantino to

request concurrence for its Michigan Circuit Court Motion for Preliminary Injunction, and

informing him of its intent to file this federal action.  On December 12, 2005 Tarantino

commenced proceedings in Michigan Circuit Court to enforce his Massachusetts judgment, by

filing an Affidavit and Notice of Entry of Foreign Judgment.  On January 3, 2006 Plaintiffs

DSLT and Mardale commenced this action, and filed a motion for preliminary injunction in the

state court matter.  Tarantino claims that this proceeding raises the identical claims raised in

Moore's October 31 letter to Tarantino and in Tarantino's pending Massachusetts action.  In

addition, on that same date, Moore and DSLT filed a motion for preliminary injunction in

Michigan Circuit Court, seeking to enjoin Tarantino from taking any action to collect on his

Massachusetts judgment.  Such request was granted, on the condition that a bond be posted for

$1.2 million.

On April 12, 2006 Tarantino's Motion to Dismiss came before the Court.  A hearing was

held and oral arguments were heard.  For the reasons given below, Tarantino's Motion to

Dismiss is granted.

II.     Facts

DSLT is a closely held Michigan corporation owned by Moore and his family.  It is

headquartered in Massachusetts.  Tarantino is a resident of Massachusetts.  He operated a DSLT

subsidiary, Diamond Crystal Specialty Foods ("Diamond Crystal") in Massachusetts until

Diamond Crystal's sale in November 1998.  Tarantino then operated Mardale in Massachusetts

from 2000 until its sale in March 2004.

The Complaint alleges claims arising out of the 1998 sale of Diamond Crystal and the

2004 sale of Mardale.  In 1998 DSLT sold Diamond Crystal and its subsidiary, Menu Magic Foods, Inc. ("Menu Magic") to Imperial Sugar Co. ("Imperial").  DSLT alleges that prior to the merger Tarantino, who was President and COO of Diamond Crystal, failed to disclose a "material claim" made against Menu Magic, and that Imperial, after later learning of the claim, demanded indemnification from DSLT.   The Complaint further alleges that in connection with the sale of Mardale's assets in 2004 to Ventura Foods LLC ("Ventura"), Ventura represented that it did not receive nutritional formulae it had expected to receive, which was a breach of Tarantino's fiduciary duty to DSLT and Mardale.  Defendants argue that the sole purpose of this lawsuit is to hinder Tarantino's collection of the $1.2 million awarded to him in his Massachusetts judgments.

## III.    Dismissal or Stay Based on Parallel Case Theory

Defendant requests that the abstention doctrine be invoked.  The abstention doctrine is governed by Colorado River Water Conservation Dist. v. United States, 424 U.S. 800 (1976).  In *Colorado River*, the Supreme Court noted that, despite the "virtually unflagging obligation of the federal courts to exercise the jurisdiction given them," considerations of judicial economy and federal-state comity may justify abstention in situations involving the contemporaneous exercise of jurisdiction by state and federal courts.  As the Court explained, the principles underlying this doctrine "rest on the considerations of wise judicial administration, giving regard to conservation of judicial resources and comprehensive disposition of litigation." Colorado River, 424 U.S. at 817.

In certain "exceptional" circumstances, a federal district court may abstain from exercising its subject matter jurisdiction due to the existence of a concurrent state court proceeding, based on "considerations of wise judicial administration, giving regard to

conservation of judicial resources and comprehensive disposition of litigation."  Id.

In order to invoke the abstention doctrine, the court must first determine that the federal and state actions are parallel.  Romine v. Compuserve Corp., 160 F.3d 337 (6th Cir. 1998).  Both parties agree that the two actions are parallel.

Once it is established that the abstention doctrine may be invoked, a court must consider an eight-part balancing test to determine whether to exercise jurisdiction, or to stay or dismiss the duplicative federal action.  Romine, 160 F.3d at 340.  The factors are: (1) whether the state court has assumed jurisdiction over any res or property; (2) whether the federal forum is less convenient to the parties; (3) avoidance of piecemeal litigation; (4) the order in which jurisdiction was obtained; (4) whether the source of governing law is state or federal; (5) the adequacy of the state court action to protect the federal plaintiff's rights; the adequacy of the state court action to protect the federal plaintiff's rights; (7) the relative progress of the state and federal proceedings; and (8) the presence or absence of concurrent jurisdiction.  Romine, 160 F.3d at 340.    These factors, however, do not comprise a mechanical checklist. Rather, they require "a careful balancing of the important factors as they apply in a give case" depending on the particular facts at hand.  Romine, 160 F.3d at 341.

**(1) Jurisdiction Over Any Res**

The Massachusetts court has not assumed jurisdiction over any res or property.  The Sixth Circuit has held that where no property is at issue, the first factor is inapposite and supports exercising jurisdiction.  PaineWebber, Inc. v. Cohen, 276 F.3d 197, 207 (2001).

**(2) Convenient Forum**

Tarantino argues that Massachusetts is a more convenient forum than Michigan.  He points out that the alleged breaches of duties occurred while he was employed with Plaintiffs in Massachusetts.  Her further states that his principal witness is Sanford Carlisle, who resides in Massachusetts.  Tarantino then argues that other witnesses may be other people who worked at Diamond Crystal in Massachusetts, and that other evidence regarding the claims consist of documents already produced in Massachusetts by DSLT in connection with Tarantino's earlier contract action against DSLT.  Tarantino claims that he has no connection to Michigan, other than his efforts to enforce the Massachusetts judgment, and that DSLT and Moore have local Massachusetts counsel who are thoroughly familiar with the controversy.

Plaintiffs argue that their witnesses, as well as Tarantino's will come from throughout the country- not just Massachusetts.  They argue that, accordingly,  Massachusetts is not a more convenient forum than Michigan.

**(3) Piecemeal Litigation**

Tarantino argues that there is a danger of parallel cases with conflicting results.  He further claims that judicial economy counsels against litigating identical suits at the same time because of the doubled costs in time and fees, and the unnecessary expenditure of judicial resources.

"Piecemeal litigation occurs when different courts adjudicate the identical issue, thereby duplicating judicial effort and potentially rendering conflicting results."  Romine, 160 F.3d at 341.  The Seventh Circuit has gone on to explain,

> When a case proceeds on parallel tracks in state and federal court, the threat to efficient adjudication is self-evident.  But judicial economy is not the only value

> that is placed in jeopardy.  The legitimacy of the court system in the eyes of the
> public and fairness to the individual litigants also are endangered by duplicative
> suits that are the product of gamemanship or that result in conflicting
> adjudications.

Romine, 160 F.3d at 341 (quoting Lumen Constr., Inc. v. Brant Constr. Co., 780 F.2d 691, 694

(7th Cir. 1985).

Plaintiffs argue that concurrent parallel actions, absent some exceptional circumstance or

strong policy against piecemeal litigation, do not present the danger of piecemeal litigation

needed in order to grant abstention. Plaintiffs, however, misappropriately cite to *Colorado River*

as support of their argument.  *Colorado River* addressed the issue of federal abstention in order

to enforce an arbitration agreement. In such a situation, federal resources would not be

compromised, as the case itself that shared the same facts as a state court action, would be

decided in arbitration rather than the federal courts.

Here, the interests of judicial economy would best be served by abstention, permitting the

Massachusetts courts to continue to adjudicate the issues which have already been before them.

**(4) The Order Jurisdiction Was Obtained**

This factor requires the court to look into not when each complaint was filed, but rather

how much progress has been made on the cases.  "Prior should not be measured exclusively by

which complaint was filed first, but rather in terms of how much progress has been made in the

two actions." Moses H. Cone Memorial Hospital v. Mercury Construction Corp., 460 U.S. 1, 21

(1983).  Here, Tarantino filed his complaint in Massachusetts in November 2005.  However,

Tarantino did not effectuate service until January 12, 2006- the same date service on this action

was effectuated.  Both actions are in early stages, and no discovery has occurred.  This factor

does not argue in favor of abstention.

**(5) Source of the Governing Law**

Here, the law applied will be state law, whether Massachusetts or Michigan law.  In this matter the federal courts do not have any interest in adjudicating any issues under any federal statutes. The *Moses* court has noted that "the source-of-law factor has less significance . . . [where] the federal courts' jurisdiction to enforce [the statutory rights in question] is concurrent with that of the state courts."  Moses, 460 U.S. at 25.  Here, the federal court's jurisdiction is concurrent with that of the Massachusetts court.  Accordingly, this factor should not be given much weight in this analysis.

**(6) Adequacy of State Case**

Plaintiff concurs that this factor argues in favor of abstention.

**(7) Progress of the Cases**

Defendant acknowledges that both cases were recently filed.  However, Defendant argues, Massachusetts has a stronger motive to expedite the case, and is in a better position to do so, because of its court's familiarity with the controversy.  Plaintiff, however, argues that minimal progress has been made in either case.  Plaintiff's answer to the Massachusetts action was due on March 27, 2006, so we will assume that such progress has been made there.

**(8) Concurrent Jurisdiction**

Plaintiff concurs that this factor argues in favor of abstention.

In examining the above factors, the Court believes abstention is appropriate.  Factor three, regarding piecemeal litigation, argues the most strongly in favor of abstention.  The Sixth Circuit has made it clear that piecemeal litigation is not an efficient way to manage litigation. Plaintiff's citation to *PaineWebber* regarding this factor is misleading.  *PaineWebber* involves

the situation where piecemeal litigation could not be avoided in either the federal or the state forum, because of mandatory arbitration clauses that were involved in the litigation.  In the present case, piecemeal litigation can easily be avoided, and if not, it could very possibly produce the undesirable result of duplicating judicial effort and possible rendering conflicting results.

In addition, the Massachusetts courts have already fully litigated the underlying actions in the previous suit upon which Tarantino brings his collection action.  This situation also strongly argues in favor of abstention, so as to allow the Massachusetts courts the opportunity to effectuate their previous rulings.

This Court believes that abstention is in order.  Therefore, the Court will not rule on Defendant's additional arguments regarding standing, failure to state a claim, the compulsory counterclaim rule, or the statute of limitations.

Accordingly,

IT IS ORDERED that Defendant's Motion to Dismiss is GRANTED.

Dated: May 15, 2006                          __s/Bernard A. Friedman_____
        Detroit, Michigan                    BERNARD A. FRIEDMAN
                                             CHIEF UNITED STATES DISTRICT JUDGE

I hereby certify that a copy of the foregoing document was served this date upon counsel of record electronically and/or via first-class mail.

____ _/s/ Patricia Foster Hommel_____
        Patricia Foster Hommel
        Secretary to Chief Judge Friedman